RAILROAD COMMISSION of Texas, Appellant,

v.

ST. LOUIS SOUTHWESTERN RAILWAY COMPANY et al., Appellees.

No. 11683.

Court of Civil Appeals of Texas.

Austin.

June 11, 1969.

Rehearing Denied July 2, 1969.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Excutive Asst. Atty. Gen., W. V. Geppert, Staff Legal Asst. Atty. Gen., James H. Cowden, Thomas F. Sedberry, James M. Mabry, Asst. Attys. Gen., Austin, for appellant.

McKay & Avery, John J. McKay, Austin, for appellees.

PHILLIPS, Chief Justice.

This is an appeal under Vernon's Ann. Tex.Rev.Civ.Stat. art. 6453, from a judgment of the District Court setting aside orders of the Railroad Commission which denied appellees' permission and authority to discontinue its agency at Mt. Vernon, Texas, retire the depot, and to change the applicable tariff to show Mt. Vernon, Texas as a non-agency station.

We affirm this judgment.

Appellant is before us with four points of error the first three, briefed together, being the error of the trial court in granting judgment for appellees because the construction of Article X, Section 9 of the Texas Constitution, Vernon's Ann.St., together with Tex.Rev.Civ.Stat.Ann. art. 6354, require that appellant maintain depot facilities in Mt. Vernon, Texas; and, in declaring null and void the September 28,

1967 order of appellant requiring appellees to maintain depot facilities in Mt. Vernon.

We overrule these points.

The abovementioned section of the Constitution and the Statute cited read identically as follows:

"No railroad hereafter constructed in this State shall pass within a distance of three miles of any county seat without passing through the same, and establishing and maintaining a depot therein, unless prevented by natural obstacles, such as streams, hills or mountains; provided, such town or its citizens shall grant the right of way through its limits and sufficient ground for ordinary depot purposes."

█ The trial court held that the order before us cannot stand as there is no substantial evidence to support it. This finding and the corresponding portion of the judgment has not been assigned as error to this Court; consequently, any appeal therefrom has been waived. Colorado River Western Ry. Co., et al v. T. & N. O. Ry. Co., 283 S.W.2d 768 (Tex.Civ.App. Austin, 1955, writ ref. n.r.e.).

█ Nor are we impressed with Appellant's argument that the Constitution prohibits Appellees from discontinuing the agency.

The Railroad Commission entered its order on September 28, 1967, denying the Appellees' application to discontinue their agency at the station at Mt. Vernon, Texas. Thereafter, by their petition, Appellees put in issue the invalidity of this order, alleging it to be arbitrary, capricious and unjust, and constituting a deprivation of fundamental rights, pointing out no public need for the station, because there had been no passengers or passenger trains at the station since 1956; that there was no LCL traffic handled by the station, and the agent had no duties as to such; that there was no U.S. mail handled there; that the agent had no nonagency duties (i.e., as to other stations);

that he had few if any duties as to dispatching trains; that there were no express shipments to be handled; that tariff and rate information were not handled there; they are handled at the nearby Mt. Pleasant station; that the agent had no duties as to livestock; that there were no longer any outbound carload movements from the station, and that as to the few inbound carloads, the agent had no duties of any consequence; that all claims were handled elsewhere, and not by the agent; that the agent had no duties tracing cars, and that the few charges on interstate LCL shipments collected by a public drayman and by the agent remitted to the main offices could as easily be remitted by the Mt. Pleasant agent. It was proposed that the agent's duties be taken over by the nearby Mt. Pleasant agency, and Appellees pointed out that local conditions were such that the Mt. Vernon agent had no duties of any consequence, that they could not utilize his services, that there was no public need for him, that the agency was operated at a loss, and that for all these reasons and others, railroad management was entitled to exercise, to a reasonable degree, its discretion to close the agency and transfer the duties to Mt. Pleasant.

The evidence of the witnesses of Appellees all bore out the utter impracticality of maintaining the agent at Mt. Vernon, the lack of any public need for him, the fact that his presence did not meet any public convenience, and was a needless expense to the railroad, and that there was no expectation of traffic being such as to require his services, which, in a two-year period, on sound railroad accounting principles, had caused the railroad to lose some $5,500.00, when all proper revenues were allocated to the station. This evidence was never contested by Appellant.

The trial court's judgment found, among other things, that:

"Based upon the entire record, the Court finds the law and the facts to be with the plaintiffs and against the de-

fendants, in that there is no substantial evidence to sustain the order of the Railroad Commission of Texas, which order has the effect of requiring the plaintiffs to maintain the Mt. Vernon agency at an unwarranted expense, there being no public need for such agency, and under the undisputed evidence, the plaintiffs have available other agencies, services and facilities reasonably adequate and sufficient to serve the public in connection with the transportation services performed by plaintiffs."

Appellants would have this Court construe the portion of the Constitution in question, i.e. "establish and maintain a depot" as forever forbidding a discontinuance irrespective of the need for the facility or the unreasonable burden that a continuance of the facility might impose upon the railroad.

█ In Missouri-Kansas-Texas Railroad Company of Texas v. Fowler, 290 S.W.2d 922 (Tex.Civ.App., Austin, 1956), this Court held that the Railroad Commission was acting within its jurisdiction in hearing and determining the application of a railroad for permission to discontinue its agency at a railroad station except for a period of not less than three months during the cotton shipping season. The constitutional provision in question was not before us at that time; however, the authority of the Commission to regulate railroads is founded in the Constitution (Article X, Sec. 2). This authority is of equal dignity with the provision in question. All provisions of the Constitution in relation to the same subject matter must be construed together, Purcell v. Lindsey, 158 Tex. 541, 314 S.W. 2d 283 (1958). In addition, a reasonable construction should be given the provisions of the Constitution and a provision will not be construed so as to lead to absurd conclusions, great public inconvenience or unjust discrimination, if any other interpretation can be reasonably indulged. Cramer v. Sheppard, 140 Tex. 271, 167 S.W.2d 147 (Tex.1942).

In any event, arbitrary action, whether attempted by an order of a State administrative agency, a State statute or a State constitutional provision will not be countenanced under the Federal Constitution. Standard Computing Scale Co. v. Farrell, 249 U.S. 571, 39 S.Ct. 380, 63 L.Ed. 780.

█ Appellant's point of error number four is that of the trial court in admitting into evidence plaintiffs' (Appellees') exhibits 27 and 28 showing previous instances of station closings and/or agency discontinuances.

We overrule this point.

Appellees were allowed to enter into evidence some thirteen orders of the Railroad Commission ordering county seat agencies closed. These orders were dated between 1962 and 1968.

Appellant's specific objection at trial, and here, is that these orders were inadmissible without a predicate having been laid showing, first, that the railway facilities which were allowed to be terminated had originally been established subsequent to 1876, the effective date of Article X, Section 9, of the Constitution, and second, that the proviso of this Article and section had been met with respect to the grant by the town or its citizens, of any adequate right of way to the railroad in question.

█ In Atlantic Refining Co. v. Gulf Land Co., 122 S.W.2d 197 (Tex.Civ.App., Austin, 1938) aff'd 134 Tex. 59, 131 S.W.2d 73, this Court held that where certain data became part of the records of the Commission and the Commission had acted upon it, even in part, in issuing an order, such records are admissible. Certainly, this would apply to the Commission's own orders similar on their face to that in contest. If, due to knowledge peculiar to the Commission the orders sought to be admitted in evidence are not pertinent, it becomes the duty of the Commission to point out to the court any differences that would make them irrelevant as proof. 31A C.J.S. Evidence § 113, p. 190.

Further, since these were commission orders based on Commission records, and since there was no effort whatsoever to explain them away or show that they were based on the existence of facts to the effect that the right of ways had not been furnished by the town, the presumption is that no such facts existed. 31A, C.J.S. Evidence § 156(1), p. 391.

The judgment of the trial court is affirmed.