

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

October 29, 1974

The Honorable Henry Wade
District Attorney
Dallas County Government Center
Dallas, Texas 75202

Dear Mr. Wade:

Opinion No. H- 434

Re: Constitutionality of
1973 amendments to
Section 5, Texas
Probate Code

Your request for our opinion asks whether a 1973 amendment to Section 5 of the Texas Probate Code is constitutional. As amended, Section 5 of the Probate Code now reads in pertinent part:

> The district court shall have original control and jurisdiction over executors, administrators, guardians and wards under such regulations as may be prescribed by law.

> In those counties in which there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, the district court, concurrently with the county court shall have the general jurisdiction of a probate court . . . .

> In those counties where there is a statutory probate court, county court at law, or other statutory court exercising the jurisdictions of a probate court, all applications, petitions and motions regarding probate, administrations, guardianships, and mental illness matters shall be filed and heard in such courts, and the constitutional county court, rather than in the district courts . . . . <u>All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate, including</u> but not limited to, all claims by or

> against an estate, <u>all actions for trial of</u>
> <u>title to land</u> incident to an estate and for the
> enforcement of liens thereon incident to an
> estate and of all actions for trial of the right
> of property incident to an estate.

You suggest that provisions in the amendment extending the county court's jurisdiction in probate matters to incidental actions concerning title to land may conflict with Article 5, Section 16 of the Texas Constitution which provides in pertinent part:

> County Courts; jurisdiction . . .
>
> . . . shall not have jurisdiction of suits for
> the recovery of land . . . .
>
> The County Court shall have the general juris-
> diction of a Probate Court ; . . .

The effectiveness of the 1973 amendment to the Probate Code (Acts 1973, 63rd Leg., p. 1684, ch. 610) was made contingent upon the adoption of a proposed amendment to Section 8 of Article 5 of the Constitution. (Acts 1973, 63rd Leg., p. A-107, S. J. R. No. 26)

That amendment was adopted on November 6, 1973, and, as amended, Section 8 of Article 5, Texas Constitution, now provides:

> The district court, concurrently with the
> county court, shall have the general juris-
> diction of a probate court . . . . <u>The Legis-</u>
> <u>lature</u>, however, <u>shall have the power</u>, by
> local or general law, <u>Section 16 of Article V</u>
> <u>of this Constitution notwithstanding, to</u>
> <u>increase, diminish or eliminate the juris-</u>
> <u>diction of either the district court or the</u>
> <u>county court in probate matters</u>, and in
> cases of any such change of jurisdiction, the
> legislature shall also conform the jurisdiction
> of the other courts to such change . . . :
> (Emphasis added)

In determining the answers to your questions we must be guided by two well-established principles of our law:

   1.  All provisions of the Constitution relative to the same subject are to be construed together and interpreted in such a manner as will avoid a conflict, if possible.  Yeary v. Bond, 384 S. W. 2d 376, (Tex. Civ. App. --Amarillo 1964, writ ref'd. n. r. e. ); Railroad Commission v. St. Louis Southwestern Railway Company, 443 S. W. 2d 71 (Tex. Civ. App. --Austin 1969, writ ref;d. n. r. e. ).

   2.  In passing upon the constitutionality of a statute, there is a presumption of validity.  It is presumed that the Legislature has not acted unreasonably or arbitrarily.  Robinson v. Hill, 507 S. W. 2d 521 (Tex. 1974).

Because of the express language of amended Article 5, Section 8, Texas Constitution, that the Legislature shall have the power to increase, diminish, or eliminate probate jurisdiction of the district and county courts, "Section 16 of Article V of this Constitution notwithstanding," we believe the above guidelines require us to conclude that Section 16 does not affect the validity of the Probate Code amendment providing that all courts exercising probate jurisdiction may hear all matters incident to an estate, including questions of land title.

It is our opinion, therefore, that the 1973 amendment to Section 5 of the Texas Probate Code is constitutional, and that all courts, including county courts, exercising probate jurisdiction may now hear all matters incident to an estate, including matters of land title.

Since your other questions were contingent upon a finding that the probate code amendment was unconstitutional, we need not answer them.

## SUMMARY

The 1973 amendment to Section 5 of the Texas Probate Code is constitutional.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee