Raymond V. GRAZIANO and Karen R. Graziano, Petitioners-Appellants,†

v.

TOWN OF LONG LAKE, Respondent-Respondent.

Court of Appeals

*No. 94–2295. Submitted on briefs January 30, 1995.—Decided February 28, 1995.*

(Also reported in 530 N.W.2d 55.)

---

†Petition to review denied.

---

For the petitioners-appellants the cause was submitted on the briefs of *Edward S. Marion* of *Murphy & Desmond, S.C.*, Madison.

For the respondent-respondent the cause was submitted on the brief of *Richard J. Kelly* of *Kelly & Ryberg, S.C.*, Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Raymond and Karen Graziano appeal the trial court's order quashing their alternative writ of mandamus, requesting the court to order the Town of Long Lake to convey a parcel of property to them by warranty deed. The Grazianos contend that under § 60.10(2)(e) and (g), STATS., a town meeting is vested with the authority to compel the town board to act in accordance with the town meeting's vote regarding the purchase or disposal of town property. Accordingly, the Grazianos argue that the town board was legally obligated to convey the parcel of property to them because the conveyance was authorized by vote of the town meeting. Therefore, the Grazianos claim that the trial court erred by quashing their writ of mandamus, seeking to compel the conveyance. Because we conclude that a town board is not compelled to act in accordance with the vote of a town meeting under § 60.10(2)(e) and (g), the trial court's order is affirmed.

The Grazianos own a parcel of land fronting on thirty feet of Long Lake. The town owns a parcel of land adjacent to the Grazianos' parcel. Due to circumstances not relevant to the disposition of this case, the Grazianos offered to trade their parcel of land to the town in exchange for the town's parcel. A special town meeting was subsequently called to vote on the proposed exchange. After discussing the issues relating to the Grazianos' proposal, the electors of the town voted forty-nine to four in favor of the exchange. As a result, the town meeting gave the town board authority to

make the exchange. Section 60.10(2)(e) and (g), STATS. However, despite the authorization, the town board voted two to one to deny the proposed exchange.

Relying on the vote of the town meeting, the Graziano's subsequently requested the town board to execute a warranty deed conveying the town's parcel to them. The board refused. The Grazianos then filed a petition for writ of mandamus, requesting the court to compel the town board to convey the town parcel to them by warranty deed. The Grazianos argued that because the electors voted for the exchange at the town meeting, the town was obligated to carry out the vote of the town meeting, irrespective of the town board's decision. The town board, however, argued that a town meeting does not have the authority to purchase or dispose of town property under § 60.10(2)(e) and (g), STATS., but only has power to authorize the board to purchase or dispose of town property. Therefore, the town board argued that the town meeting's vote did not compel the board to execute the proposed exchange, but merely vested the board with the authority to make a discretionary decision whether to execute the exchange.

After considering the parties' arguments, the trial court concluded that the town meeting was without authority to compel the town board to approve the proposed property exchange. In arriving at its decision, the court stated:

> The court concludes that where the statute employs the word "authorize" in § 60.10 the meaning is that the town board is being allowed to exercise certain powers or do certain acts. The town board is being granted the right to exercise its discretion.
>
> . . . .

> [T]he town meeting had no power to direct the board to carry out the trade proposed by the [Grazianos]. The town board had no duty to carry out the wishes of the town meeting. There is no clear enforceable right in petitioners to the action which the petitioners seek to have the court compel.

Therefore, the court granted the town's motion to quash the alternative writ of mandamus. The Grazianos appeal.

The dispositive issue on appeal is whether § 61.10(2)(e) and (g), STATS., vests the town meeting with power to compel the town board to approve the purchase or sale of town property. Resolution of this issue requires us to determine whether the word "authorize," as it is used in subsecs. (e) and (g), is mandatory or permissive. This is a question of statutory interpretation that we review without deference to the trial court. *E.S. v. Seitz*, 141 Wis. 2d 180, 184, 413 N.W.2d 670, 672 (Ct. App. 1987). When interpreting a statute, our primary purpose is to give effect to the legislature's intent. *State ex rel. Dieckhoff v. Severson*, 145 Wis. 2d 180, 189, 426 N.W.2d 71, 73 (Ct. App. 1988). To determine the legislature's intent, we first look to the language of the statute itself. *State v. Pham*, 137 Wis. 2d 31, 34, 403 N.W.2d 35, 36 (1987). If the statutory language is unambiguous, we must construe the statute in accordance with its ordinary meaning and may not resort to extrinsic aids. *State v. Martin*, 162 Wis. 2d 883, 893, 470 N.W.2d 900, 904 (1991).

Section 60.10(2)(e) and (g), STATS., state:

> (2) DIRECTIVES OR GRANTS OF AUTHORITY TO TOWN BOARD. Except as provided under par. (c), directives or grants of authority to the town board under this subsection may be general and continuing or may

be limited as to purpose, effect or duration. A resolution adopted under this subsection shall specify whether the directive or grant is general and continuing or whether it is limited as to purpose, effect or duration. A resolution that is continuing remains in effect until rescinded at a subsequent town meeting by a number of electors equal to or greater than the number of electors who voted for the original resolution. This subsection does not limit any authority otherwise conferred on the town board by law. By resolution, the town meeting may:

. . . .

(e) *Purchase of land.* Authorize the town board to purchase any land within the town for present or anticipated town purposes.

. . . .

(g) *Disposal of Property.* Authorize the town board to dispose of town property, real or personal, other than property donated to and required to be held by the town for a special purpose.

The Grazianos contend that subsecs. (e) and (g) are ambiguous because the word authorize may be construed as being either mandatory or permissive. We do not agree.

The Grazianos cite several authorities in support of their argument that the word "authorize," as it is used in subsecs. (e) and (g), is ambiguous, including our supreme court's decision in *State ex rel. Wolf v. Lisbon,* 75 Wis. 2d 152, 248 N.W.2d 450 (1977). In *Lisbon,* our supreme court addressed an issue arising out of an action taken by a town meeting that increased the number of town board members from three to five. At the time *Lisbon* was decided, § 60.19(1)(c), STATS., stated: "[T]he town board of any town having a population of 2,500 or more may, subject to the authorization

of the majority of the electors voting at an annual or special town meeting, consist of 5 supervisors elected at large." *Id.* at 156, 248 N.W.2d at 452. Acting under this statute, the town meeting voted to expand the board. The town board, however, acting on the advice of its lawyer, rejected the proposed five member board and held an election for a three member board. The electors subsequently filed suit, requesting the trial court to issue a writ of mandamus, compelling the town board to hold a special election for the election of five board members.

One issue faced by our supreme court in *Lisbon* was whether the town meeting vote was a conditional authorization or mandatory direction to the town board. The court concluded that the town meeting's action was mandatory. In arriving at this conclusion, the court stated:

> The trial court found that the motion passed by the electors at the April 9, 1974, annual town meeting was legislative in nature and was a mandatory and nondiscretionary direction to the board to increase the number of supervisors to five. The clear import of the official minutes of that meeting indicates that the motion was passed and the questions of legality only arose after passage. The evidence of record fully supports the holding of the trial court. Moreover, once the motion was passed, the duty of the board became clear and thus mandamus was the proper remedy.

*Id.* at 167, 248 N.W.2d at 457.

The Grazianos note that despite the fact that § 60.19(1)(c), STATS., used the word authorization, the *Lisbon* court concluded that the vote of the town meeting was mandatory and binding on the board. Accordingly, the Grazianos contend that "authorize"

may properly be construed as requiring, rather than merely permitting, one to act.

As further support for this contention, the Grazianos note that BLACK'S LAW DICTIONARY 133 (6th ed. 1990) defines authorize as: "To empower; to give a right or authority to act. To endow with authority or effective legal power, warrant, or right. . . . To permit a thing to be done in the future. It has a mandatory effect or meaning, implying a direction to act." Relying on this dictionary definition, the Grazianos argue that authorize may be defined in either of two ways. First, it may be defined as empowering one to act, which is "[a] grant of authority rather than a command of its exercise." *Id.* at 525. Second, it may be defined as commanding or requiring another to act. *Id.* Therefore, based on the foregoing authorities,[1] the Grazianos argue that the word "authorize" is ambiguous and that we must employ rules of construction to discern whether the legislature intended § 60.10(2)(e) and (g), STATS., to be read as mandatory or directive.

Whether a statute is ambiguous is a question of law. *MPI Wis. Machining Div. v. DILHR*, 159 Wis. 2d

---

[1] The Grazianos also note that other jurisdictions have concluded that the word authorize may be construed as either mandatory or permissive. *See Chase v. United States*, 261 F. 833, 837 (8th Cir. 1919) ("the word 'authorized' is frequently used where a duty is imposed upon a public executive officer, and in no case are the duties imposed discretionary"); *Quality Bldg. & Secs. Co. v. Bledsoe*, 14 P.2d 128, 132 (Cal. App. 1932) ("authorize" is generally defined as empowering one to act, but it may also have a mandatory effect); *Hotel Casey Co. v. Ross*, 23 A.2d 737, 740 (Pa. 1942) (the words "authorize" and "empower" are generally words of permission; however, when they are used in statutes they are frequently mandatory).

358, 367, 464 N.W.2d 79, 82 (Ct. App. 1990). A statute is ambiguous if it is capable of being interpreted by reasonably well-informed persons to have two or more distinct meanings. *Ervin v. Kenosha*, 159 Wis. 2d 464, 472, 464 N.W.2d 654, 657-58 (1991). If the language of a statute is ambiguous, we may look to its content, subject matter, scope, purpose and history to ascertain its reasonable meaning. *Boltz v. Boltz*, 133 Wis. 2d 278, 284, 395 N.W.2d 605, 607 (Ct. App. 1986). However, if a statute is unambiguous, we must give the statutory words their obvious and ordinary meaning. *Dieckhoff*, 145 Wis. 2d at 190, 426 N.W.2d at 73.

We do not take issue with the Grazianos' contention that the word "authorize," when read in isolation, may be defined as being either mandatory or permissive. However, when construing the language of a statute, we must construe the language within the context of the entire statute and related sections. *State ex rel. Ondrasek v. Circuit Court*, 133 Wis. 2d 177, 182, 394 N.W.2d 912, 914 (Ct. App. 1986). Based upon our review of the statute, we conclude that the word "authorize," as used in § 60.10(2), STATS., is unambiguous and that it is permissive in nature.

Section 60.10(2), STATS., uses two distinct words to describe the powers of the town meeting: "direct" and "authorize." Under § 60.10(2)(b), the town meeting may "[i]n a town with a population of 2,500 or more, direct the town board to increase the membership of the board under s. 60.21(2)." When read in the context of § 60.10(2)(b), STATS., it is evident that where the town meeting "directs" the town board to increase board membership, the board has no discretion and must act in strict accord with the town meeting's decision. This reading is consistent with *Lisbon*, 75 Wis. 2d at 167,

821

248 N.W.2d at 457, where our supreme court concluded that a town meeting has the power to compel the town board to increase the board's membership.

Unlike § 60.10(2)(b), STATS., subsecs. (a) and (c) through (k), expressly state that the town meeting may "authorize" the town board to perform particular functions. The Grazianos, however, contend that the legislature used the terms "direct" and "authorize" interchangeably. We are not persuaded.

When interpreting the language of a statute, "[i]t is reasonable to presume that the legislature chose its terms carefully and precisely to express its meaning." *State v. McKenzie*, 139 Wis. 2d 171, 177, 407 N.W.2d 274, 277 (Ct. App. 1987). Here, the legislature specifically used the word "direct" in § 60.10(2), STATS., to denote those instances where the town meeting may compel the town board to act. The legislature, however, elected not to use this word in subsecs. (a) and (c) through (k). Rather, the legislature used the word "authorize."

As we previously recognized, the word "authorize," standing out of context, may be construed as mandatory or permissive. However, where the legislature uses similar but different terms in a statute, particularly within the same section, we may presume it intended the terms to have different meanings. *Armes v. Kenosha County*, 81 Wis. 2d 309, 318, 260 N.W.2d 515, 519 (1977). Therefore, because the legislature used the word "direct" in a mandatory sense, the word "authorize," as it is used in § 60.10(2)(e) and (g), STATS., must be read to provide the town meeting with the power to permit, and not compel, the town board to act. Had the legislature intended otherwise, it would

have used "direct" rather than "authorize." Accordingly, we reject the Grazianos' contention that the legislature used "direct" and "authorize" interchangeably and conclude that the trial court properly determined that the town board had discretion to reject the town meeting's vote, authorizing the exchange of town property for the Grazianos' property. Because we conclude that § 60.10(2) is unambiguous and that the town board had discretion to reject the town meeting's vote, we need not address the Grazianos' remaining arguments.

*By the Court.*—Order affirmed.