# Thomas Mayo and James Hayslett, Plaintiffs-Appellants,

v.

# Jimmy D. Boyd, Defendant-Respondent.

Court of Appeals

*No. 2013AP1578. Submitted on briefs January 7, 2014.*
*—Decided February 4, 2014.*

## 2014 WI App 37

(Also reported in 844 N.W.2d 652.)

162

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Mark L. Thomsen* and *Sarah F. Kaas* of *Cannon & Dunphy, S.C.*, Brookfield.

On behalf of the defendant-respondent, the cause was submitted on the brief of *John J. Glinski*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Fine, Kessler and Brennan, JJ.

¶ 1 BRENNAN, J. Thomas Mayo and James Hayslett appeal from the circuit court's order dismissing their complaint against Jimmy D. Boyd. The circuit court dismissed the complaint because Mayo and Hayslett purportedly failed to strictly comply with the time-of-the-event requirement set forth in WIS. STAT. § 893.82(3) (2011–12).[1] Because we conclude that § 893.82(3) cannot reasonably be read to require a plaintiff to provide the State with notice of the exact time of the event giving rise to a claim when doing so is almost impossible, we reverse and remand back to the circuit court for further proceedings.

## BACKGROUND

¶ 2. For purposes of this appeal, the facts are undisputed. On July 17, 2009, in the course of his employment, Boyd was driving a van with the consent and permission of the van's owner, the State of Wisconsin Department of Corrections ("DOC"). Mayo and Hayslett were passengers in the van. While driving the van, Boyd allegedly failed to require Mayo and Hayslett to fasten their seatbelts. Later, while traveling westbound near Highway 142 in Kenosha County, Boyd purportedly failed to maintain control of the van. The van travelled off the roadway and overturned, causing both Mayo and Hayslett to sustain severe injuries.

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

¶ 3. Notices of Claim and Injury ("the Notices") on behalf of both Mayo and Hayslett were timely served via certified mail on the State pursuant to Wis. Stat. § 893.82(3). The Notices claimed that "Boyd was negligent in traveling at too high a rate of speed for conditions, in failing to exercise proper lookout, in failing to exercise sufficient management and control over the van, and was additionally negligent in other respects not enumerated herein." The Notices referenced the date, location, and the circumstances of the events giving rise to the claims, but did not include the time of the events. Amended notices of claim were filed on December 15, 2009, referencing the "approximate" time of the accident as 10:35 p.m.[2]

¶ 4. Mayo and Hayslett commenced this lawsuit against Boyd on May 22, 2012, alleging that, while acting as an employee for the DOC, Boyd "failed to require the plaintiffs to fasten their seatbelts and operated the subject Ford 350 van without all the passengers being in seatbelts in violation of his training" and "operated the subject Ford 350 van in a negligent manner in that he, among other things, failed to maintain control of the vehicle, caused the vehicle to travel off the roadway, caused the vehicle to roll over several times, and was otherwise negligent." The complaint averred that Boyd's alleged negligence caused Mayo's and Hayslett's injuries.

¶ 5. Boyd moved to dismiss the action on the grounds that the circuit court lacked jurisdiction because Mayo and Hayslett failed to strictly comply with the requirements of Wis. Stat. § 893.82(3) when they

---

[2] The amended notices of claim were filed well after the 120–day requirement set forth in Wis. Stat. § 893.82(3). Neither party contends that the contents of those notices are relevant on appeal.

did not include the time of the events giving rise to their claims in their Notices to the State. Mayo and Hayslett opposed the motion.

¶ 6. Following a hearing, the circuit court issued a written order granting Boyd's motion to dismiss. The circuit court concluded that WIS. STAT. § 893.82(3)'s requirement that plaintiffs "serve[] upon the attorney general written notice of a claim stating the time . . . of the event giving rise to the claim," required that Mayo and Hayslett at least include the approximate time of the accident in their original Notices. Because they did not, the circuit court concluded it lacked jurisdiction and dismissed the action. Mayo and Hayslett appeal.

## DISCUSSION

¶ 7. The sole issue before us on appeal is whether the circuit court properly dismissed Mayo and Hayslett's complaint for allegedly failing to comply with WIS. STAT. § 893.82(3)'s requirement that a plaintiff's notice of claim include "the time . . . of the event giving rise to the claim." *See id.* Section 893.82(3) states, in relevant part:

> Except as provided in sub. (5m), no civil action or civil proceeding may be brought against any state officer, employee or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employee's or agent's duties . . . unless within 120 days of the event causing the injury . . . giving rise to the civil action or civil proceeding, *the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time,* date, location and the circumstances *of the event giving rise to the claim for the injury* . . . and the names of persons involved, including the name of the state officer, employee or agent involved . . . .

167

(Emphasis added.) Indeed, "[n]o claimant may bring an action against a state officer, employee or agent unless the claimant complies strictly with the requirements of this section." *See* § 893.82(2m). However, we conclude that the circuit court erred in dismissing the complaint in this case for Mayo's and Hayslett's failure to include the time of the events in their Notices because it was almost impossible for Mayo and Hayslett to give the time of the events giving rise to their claims. As such, we reverse the circuit court's order and remand the cause back to the circuit court for further proceedings.

██

¶ 8. Our review of a circuit court's order granting a defendant's motion to dismiss is *de novo. Beloit Liquidating Trust v. Grade*, 2004 WI 39, ¶ 17, 270 Wis. 2d 356, 677 N.W.2d 298. Here, the motion to dismiss turns on a question of statutory interpretation, an issue we also review independently of the circuit court. *See Juneau Cnty. v. Associated Bank, N.A.*, 2013 WI App 29, ¶ 15, 346 Wis. 2d 264, 828 N.W.2d 262. "The purpose of statutory interpretation is to discern the intent of the legislature. When we interpret a statute, we begin with the statute's plain language, as we assume the legislature's intent is expressed in the words it used." *Id.*, ¶ 16 (internal citation omitted). In addition, "[w]e interpret statutory language in the context in which it is used, [and] in relation to the language of surrounding or closely-related statutes." *Id.* If this process of interpretation yields a plain meaning, the statute is unambiguous, and we apply its plain meaning. *State v. Harmon*, 2006 WI App 214, ¶ 10, 296 Wis. 2d 861, 723 N.W.2d 732.

██

¶ 9. By passing WIS. STAT. § 893.82(3) and requiring plaintiffs to file written notices of their claims

against the State, the legislature chose "to impose conditions on the individual's right to recovery," which the legislature is permitted to do. *See Ocampo v. City of Racine*, 28 Wis. 2d 506, 513, 137 N.W.2d 477 (1965). We are obliged to uphold those conditions unless they are unreasonable. *Id.* "A condition is unreasonable when compliance is almost impossible and in essence the individual is given no right of recovery." *Id.* Here, requiring Mayo and Hayslett to include the exact time of the events giving rise to their claims is an almost impossible task and is therefore unreasonable.

¶ 10. Mayo's and Hayslett's claims do not arise from a singular event occurring at a fixed moment in time. Rather, their claims against Boyd are based on numerous events that transpired over a duration of time, beginning when they got into the van and were not required or told to wear seat belts, continuing as they travelled down the road to their destination, and finally ending when the van overturned causing their injuries. Requiring Mayo and Hayslett to set forth the exact moment in time that each of these events occurred is unreasonable. *See id.*

¶ 11. In so finding, we reject the circuit court's conclusion that WIS. STAT. § 893.82(3) only requires plaintiffs to include approximate times in their notices of claim as opposed to precise times. When interpreting a statute, we must begin with the statute's language, giving that language its plain and ordinary meaning. *See Harmon*, 296 Wis. 2d 861, ¶ 10. Section 893.82(3) plainly states that a plaintiff must give "*the* time" of the event giving rise to the claim. *See id.* (emphasis added). It does not say a plaintiff must give the *approximate* time of the event. If the legislature meant to require a plaintiff to give an approximate time or a range of

potential times it could have done so in the statute. It did not, and we are bound by the words used by the legislature. *See Responsible Use of Rural and Agric. Land (RURAL) v. Public Serv. Comm'n of Wis.*, 2000 WI 129, ¶ 37, 239 Wis. 2d 660, 619 N.W.2d 888 (" '[W]e will not read extra words into a statute to achieve a specific result.' ") (brackets in *Responsible Use*; citation omitted); *see also Graziano v. Town of Long Lake*, 191 Wis. 2d 812, 822, 530 N.W.2d 55 (Ct. App. 1995) ("When interpreting the language of a statute, '[i]t is reasonable to presume that the legislature chose its terms carefully and precisely to express its meaning.' ") (brackets in *Graziano*; citation omitted).

■■■

¶ 12. We also note that the purposes of Wis. Stat. § 893.82(3)'s notice requirement were met in this case. Section 893.82(1) expressly sets forth the "purposes" of the notice of claim statute thusly:

> (a) Provide the attorney general with adequate time to investigate claims which might result in judgments to be paid by the state.
>
> (b) Provide the attorney general with an opportunity to effect a compromise without a civil action or civil proceeding.
>
> (c) Place a limit on the amounts recoverable in civil actions or civil proceedings against any state officer, employee or agent.

As the circuit court noted, and the State does not contest, "the State was put on notice of what happened, the location, the date, all of that stuff. It's just missing this one slot here about time." Armed with the information in the Notices, the State was able to investigate Mayo's and Hayslett's claims, effect a compromise if

170

possible, and place a limit on any potential amounts recoverable. The absence of a specific time in the notice in no way prejudiced the State in this case. And it is a "cardinal rule" when interpreting statutes "to favor a construction which will fulfill the purpose of the statute over a construction which defeats the manifest purpose of the act." *Sonnenburg v. Grohskopf*, 144 Wis. 2d 62, 66, 422 N.W.2d 925 (Ct. App. 1988).

¶ 13. To be clear, our holding today does not conflict with Wis. Stat. § 893.82(2m)'s requirement that plaintiffs strictly comply with the notice requirements set forth in § 893.82(3). *See* § 893.82(2m); *see also Riccitelli v. Broekhuizen*, 227 Wis. 2d 100, 116, 595 N.W.2d 392 (1999) (stating that, "[a]s a jurisdictional statute, § 893.82(3) requires strict compliance"). Rather, we conclude that § 893.82(3)'s time-of-the-event requirement only requires a plaintiff to include the time of the event giving rise to a claim when it is possible to do so. To require otherwise essentially bars recovery for plaintiffs with claims that are not set in a single moment in time and creates an absurd result. *See Ocampo*, 28 Wis. 2d at 513; *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 46, 271 Wis. 2d 633, 681 N.W.2d 110.[3]

---

[3] Before the circuit court, the State admitted that since January 1, 2000, it has paid—pursuant to settlements with or verdicts against the State, its agencies, and its officers—at least eighty-five claims where the notice of claim did not include the time of the event giving rise to the claim. As such, Mayo and Hayslett contend that the State selectively enforced the time-of-the-event requirement and thereby violated the Equal Protection Clause when it denied their claims for failure to include a time. Because we conclude that it was unreasonable to require Mayo and Hayslett to provide the precise time of the events giving rise to their claims on these set of facts, we need not

*By the Court.*—Order reversed and cause remanded.

address their Equal Protection Clause argument. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (We decide cases on the narrowest possible grounds.). However, the State's decision to sporadically enforce the time-of-the-event requirement seems to support our conclusion that in many instances including the precise time of an event is impossible or almost impossible and therefore unreasonable. *See Ocampo v. City of Racine*, 28 Wis. 2d 506, 513, 137 N.W.2d 477 (1965).