# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

| Case Nos.: | 2018AP1880 |
| | 2018AP2371 |

†Petition for review filed

Complete Title of Case:

**DAVID STROEDE,**

**PLAINTIFF-APPELLANT,**

**V.**

**SOCIETY INSURANCE, A MUTUAL COMPANY AND RAILROAD STATION, LLC,**

**DEFENDANTS-RESPONDENTS,**

**JACOB D. TETTING, ABC INSURANCE COMPANY AND WEST BEND MUTUAL INSURANCE COMPANY,**

**DEFENDANTS.**

---

| Opinion Filed: | January 14, 2020 |
| Submitted on Briefs: | September 9, 2019 |
| Oral Argument: | |
| JUDGES: | Kessler, Dugan and Fitzpatrick, JJ. |
| Concurred: | |
| Dissented: | |
| Appellant ATTORNEYS: | On behalf of the plaintiff-appellant/plaintiff-respondent, the cause was submitted on the briefs of *Keith E. Trower* and *Krista G. LaFave Rosolino* of *Warshafsky, Rotter, Tarnoff & Bloch, S.C.* in Milwaukee. |
| | On behalf of the defendant-appellant, the cause was submitted on the briefs of *Eric S. Darling* and *John Wilson* of *Schmidt, Darling & Erwin* in Milwaukee. |
| Respondent ATTORNEYS: | On behalf of the defendants-respondents, the cause was submitted on the brief of *Arthur P. Simpson* and *Kelsey R.S. Kerr* of *Simpson & Deardorff, S.C.* in Milwaukee. |

COURT OF APPEALS
DECISION
DATED AND FILED

January 14, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2018AP1880**
**2018AP2371**

Cir. Ct. No. 2017CV11072

STATE OF WISCONSIN

IN COURT OF APPEALS

DAVID STROEDE,

PLAINTIFF-APPELLANT,

V.

SOCIETY INSURANCE, A MUTUAL COMPANY AND RAILROAD STATION, LLC,

DEFENDANTS-RESPONDENTS,

JACOB D. TETTING, ABC INSURANCE COMPANY AND WEST BEND MUTUAL INSURANCE COMPANY,

DEFENDANTS.

APPEALS from a judgment and order of the circuit court for Milwaukee County: ELLEN R. BROSTROM, Judge. *Affirmed in part, reversed in part.*

Before Kessler, Dugan and Fitzpatrick, JJ.

¶1    DUGAN, J. David Stroede appeals the order granting summary judgment to Society Insurance and Railroad Station, LLC, based on Jacob Tetting's actions. Tetting and West Bend Mutual also appeal the nonfinal order denying their motion for summary judgment on the question of statutory immunity pursuant to WIS. STAT. § 895.529 (2017-18).[1]  We affirm the circuit court's grant of summary judgment to Society Insurance and Railroad Station, LLC, but reverse the circuit court's order denying Tetting and West Bend Mutual's summary judgment motion.

**BACKGROUND**

¶2    This case arises out of an incident that took place at the Railroad Station Bar in Saukville. The material facts are not in dispute.  On September 20, 2014, Stroede was drinking at the Railroad Station Bar (Railroad) when he became intoxicated.  Stroede urinated on himself and punched another patron, at which point Railroad staff ordered Stroede out of the bar.  Tetting, an employee of Railroad, was also at the bar that night with his family.  Tetting witnessed Stroede reenter the bar after bar staff ordered Stroede to leave.  Stroede, still highly intoxicated, knocked over a table and glasses after he reentered.  Tetting then approached Stroede, grabbed Stroede by the shoulders, and began walking Stroede backwards towards the stairway in front of the bar's exit.  Stroede fell down the stairs and hit his head. Tetting then picked Stoede up and took him outside of the bar, placing him on the grass. Bar staff called the police.  Stroede sustained multiple head injuries as a result of the incident.

---

[1] This court granted leave to appeal the order.  *See* WIS. STAT. RULE 809.50(3).  All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶3     Stroede filed a civil complaint, and later an amended complaint, against Tetting; West Bend Mutual (Tetting's homeowner's insurer); Railroad; and the bar's liability insurer, Society Insurance.  Stroede alleged that Tetting was negligent in the manner in which he removed Stroede from the bar.  The complaint[2] alleged that Tetting used excessive force, resulting in Stroede's injuries; and that Railroad, as Tetting's employer, was negligent in allowing Stroede to be removed by excessive force.

¶4     Railroad, Society Insurance, Tetting and West Bend Mutual all filed motions for summary judgment.  As relevant to this appeal, Railroad and Society Insurance argued that Stroede was a trespasser at the time of the incident; therefore, they argued, there was no basis for Stroede's negligence claim as the only duty Railroad and Society Insurance owed Stroede was to refrain from willful, wanton, or reckless conduct.[3]  Society also argued that Tetting was not acting as an employee of Railroad at the time of the incident, therefore, Society was not liable for any of Tetting's actions.

¶5     Tetting's motion argued that he was entitled to immunity pursuant to WIS. STAT. § 895.529 because as a patron of Railroad, he did not owe a duty of care to a trespasser.  The statute states that a lawful occupant of real property owes no duty of care to a trespasser.  *See* §895.529(2).  As relevant to this appeal, West Bend joined Tetting's motion, but opposed Railroad and Society Insurance's argument that Tetting was not acting as a Railroad employee at the time of the incident.

---

[2] We reference the amended complaint.

[3] WISCONSIN STAT. § 895.529(3)(a) provides, in part, "[a] possessor of real property may be liable for injury or death to a trespasser under the following circumstances: (a) The possessor of real property willfully, wantonly, or recklessly caused the injury or death."

¶6      At a hearing on the summary judgment motions, the circuit court concluded that Stroede was a trespasser at the time of the incident, thereby granting Railroad and Society Insurance's summary judgment motion.  Stroede, through counsel, argued that even if Stroede was a trespasser, Tetting engaged in "reckless conduct," precluding Railroad and Society Insurance's trespasser defense.  Stroede argued that the "reckless conduct" was the equivalent of the willful, wanton, or reckless conduct necessary to preclude a trespasser defense.  The circuit court rejected the argument, stating that Stroede's complaints only pled negligence, not willful, wanton, or reckless conduct.  Stroede then requested the opportunity to amend his complaint to add a claim of willful, wanton, and reckless conduct.  The circuit court denied the request.

¶7      The circuit court also denied Tetting's motion, finding that pursuant to WIS. STAT. § 895.529, Tetting was not entitled to immunity as a lawful occupant of Railroad.  Section 895.529(1)(a) defines "[p]ossessor of real property" as "an owner, lessee, tenant, or other lawful occupant of real property."  *Id.*  Tetting and West Bend Mutual argued that Tetting's lawful presence at Railroad, as a patron, qualified him as a "lawful occupant" under the statute.  The circuit court disagreed, concluding that a "lawful occupant" is one with "power to consent or revoke permission to enter," thereby excluding patrons.

¶8      Stroede, Tetting, and West Bend Mutual now appeal.  Stroede argues that his complaint adequately raised a claim of wanton, willful, or reckless conduct, or, alternatively, that the circuit court should have allowed him to amend his pleadings.  Tetting and West Bend Mutual contend that the circuit court misinterpreted WIS. STAT. §  895.529, therefore, erroneously determining that

4

Tetting was not entitled to statutory immunity for his role in the incident. We address each appeal separately.

## DISCUSSION

¶9      We note at the outset that Stroede does not challenge the circuit court's conclusion that he was a trespasser at the time of the incident.  We address two limited questions on appeal:  (1) whether Stroede's complaint raised a claim of wanton, willful, or reckless conduct, and if not, whether the circuit court erroneously exercised its discretion in not allowing him to amend his complaint; and (2) whether WIS. STAT. §  895.529 grants Tetting immunity as an "other lawful occupant" of real property.

### Summary Judgment Standard

¶10      We review a grant of summary judgment *de novo*, using the same methodology as the circuit court.  *See **Water Well Sols. Serv. Grp. Inc. v. Consolidated Ins. Co.***, 2016 WI 54, ¶11, 369 Wis. 2d 607, 881 N.W.2d 285.  "Under that methodology, the court, trial or appellate, first examines the pleadings to determine whether claims have been stated and a material factual issue is presented." ***Preloznik v. City of Madison***, 113 Wis. 2d 112, 116, 334 N.W.2d 580 (Ct. App. 1983).  If so, we then examine the moving party's submissions to determine whether they sufficiently establish a prima facie case for summary judgment.  *See **id.***  If the defendant has made such a prima facie showing, we examine the opposing party's affidavits for evidentiary facts to determine whether a genuine issue exists as to any material fact. *See **id.***  "Summary judgment materials, including pleadings, depositions, answers to interrogatories, and admissions on file

5

are viewed in the light most favorable to the nonmoving party." *AccuWeb, Inc. v. Foley & Lardner*, 2008 WI 24, ¶16, 308 Wis. 2d 258, 746 N.W.2d 447.

**Stroede's Appeal**

¶11    On appeal Stroede contends that his complaint alleged "conduct beyond mere negligence by alleging that Tetting engaged in excessive force in removing Stroede from [the] bar," thus putting the defendants on notice of a claim for wanton, willful, or reckless conduct. Stroede alternatively contends that the circuit court should have allowed him to amend his complaint at the summary judgment hearing. We disagree on both points.

¶12    To establish a negligence claim, a plaintiff must prove: "(1) the existence of a duty of care on the part of the defendant, (2) a breach of that duty of care, (3) a causal connection between the defendant's breach of the duty of care and the plaintiff's injury, and (4) actual loss or damage resulting from the injury." *Smaxwell v. Bayard*, 2004 WI 101, ¶32, 274 Wis. 2d 278, 682 N.W.2d 923 (citation omitted). Injuries resulting from wanton, willful, or reckless conduct, on the other hand, either require a plaintiff to prove an element of intent (willful conduct) or that the conduct was "so unreasonable and dangerous that the actor knows or should know that it is highly probable harm to another will result" (wanton or reckless conduct). *See* WIS JI—CIVIL 8025. In short, negligence and wanton, willful, or reckless conduct constitute different claims.

¶13    Stroede's complaint does not allege a claim of wanton, willful, or reckless conduct. The complaint alleged:

> [t]hat defendant, Jacob Tetting, was *negligent* in the manner
> in which he prevented the plaintiff from reentering the
> tavern, using excessive force to do so; as a result of his

6

> *negligence*, plaintiff sustained very severe injuries; that Railroad Station LLC was the employer of Jacob Tetting and was additionally *negligent* in allowing patrons to be excluded from the tavern by use of excessive force.

(Emphasis added.)   Although Stroede contends that he was not required to use "magic words" to raise a claim of wanton, willful, or reckless conduct, and that he put the defendants on notice of such a claim by alleging "excessive force," the complaint does not state two causes of action—one of negligence and one of wanton, willful, or reckless conduct.   Whereas negligence claims address a broad duty of care, a lesser duty of care exists for trespassers.

¶14   Property owners are merely required to "refrain from willful, wanton, or reckless conduct directed towards the trespasser." *Hofflander v. St. Catherine's Hosp., Inc.*, 2003 WI 77, ¶103, 262 Wis. 2d 539, 664 N.W.2d 545.   Although specific definitions of the terms "willful," "wanton," and "reckless" vary among case law, the overarching principle is that "willful, wanton, or reckless" conduct requires a plaintiff to allege facts establishing that the wrongdoer "acted maliciously toward the plaintiff or in an intentional disregard of the rights of the plaintiff." *See Wosinski v. Advance Cast Stone Co.*, 2017 WI App 51, ¶75, 377 Wis. 2d 596, 901 N.W.2d 797 (explaining that, in the context of punitive damages, the terms "willful, wanton or reckless" require a plaintiff to show the wrongdoer's "heightened state of mind" in intentionally disregarding the plaintiff's rights) (citations omitted). Stroede's complaint alleges excessive force only in the context of negligent conduct.

¶15   The facts alleged do not support a claim that Tetting exhibited the state of mind necessary to intentionally disregard Stroede's limited rights as a trespasser by engaging in conduct Tetting knew, or should have known, would cause harm to Stroede.   We, therefore, conclude that Stroede's complaint does not

7

sufficiently raise a claim for wanton, willful, or reckless conduct. Accordingly, Stroede fails the first step in summary judgment methodology, and we affirm the circuit court's grant of summary judgment to Railroad and Society Insurance.

¶16 We also conclude that the circuit court did not erroneously exercise its discretion in refusing to allow Stroede to amend his complaint at the close of the summary judgment hearing. After the circuit court found that Stroede only alleged a claim of negligence and granted summary judgment in favor of Railroad and Society Insurance, Stroede requested an opportunity to amend his complaint to add a claim for wanton, willful, or reckless conduct. The circuit court denied the request.

¶17 Whether to allow an amendment to a complaint when the party does not have a right to amend under WIS. STAT. § 802.09(1)[4] is a matter within the discretion of the circuit court. *Mach v. Allison*, 2003 WI App 11, ¶20, 259 Wis. 2d 686, 656 N.W.2d 766. We affirm a circuit court's discretionary decision, if it applies the correct legal standard to the facts of record in a reasonable manner. *See id.*

¶18 "[W]hen a motion to amend a complaint is filed after a motion for summary judgment has been granted, there is no presumption in favor of allowing the amendment." *Id.*, ¶27. "Rather, the party seeking leave to amend must present a reason for granting the motion that is sufficient, when considered by the [circuit]

---

[4] WISCONSIN STAT. § 802.09(1) provides in part:

> (1) **Amendments**. A party may amend the party's pleading once as a matter of course at any time within 6 months after the summons and complaint are filed or within the time set in a scheduling order under s. 802.10. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given at any stage of the action when justice so requires.

court in the sound exercise of its discretion, to overcome the value of the finality of judgment." *Id.* Stroede did not present a reason for seeking an amendment—rather, he sought an amendment after the circuit court made a finding that Stroede was a trespasser and after finding that Stroede did not adequately plead wanton, willful, or reckless conduct. Indeed Stroede had already amended his complaint once during the course of litigation and failed to add the language necessary for a claim of wanton, willful, or reckless conduct. Stroede's request for a second amendment came more than one year after the commencement of litigation and at the summary judgment hearing that was based on his specific pleadings. The circuit court properly exercised its discretion.

### Tetting and West Bend's Appeal

¶19    The next question we address is whether WIS. STAT. § 895.529 grants Tetting immunity as a "lawful occupant" of Railroad at the time of the incident. The statute, titled "Civil liability limitation; duty of care owed to trespassers," provides:

> (1) In this section:
>
> (a) "Possessor of real property" means an owner, lessee, tenant, or other lawful occupant of real property.
>
> (b) "Trespasser" means a natural person who enters or remains upon property in possession of another without express or implied consent.
>
> (2) Except as provided in sub. (3), a possessor of real property owes no duty of care to a trespasser.

¶20    The circuit court concluded that Tetting did not qualify for immunity under the statute because as a customer of Railroad, he was not an "other lawful occupant" of the bar. The circuit court determined that lawful occupants must exert

some level of permanency over the property and must possess a right to exclude. We disagree.

¶21 "When we interpret a statute, we begin with the statute's plain language, as we assume the legislature's intent is expressed in the words it used." *See Mayo v. Boyd*, 2014 WI App 37, ¶8, 353 Wis. 2d 162, 844 N.W.2d 652 (citation omitted). "'[W]e interpret statutory language in the context in which it is used, [and] in relation to the language of surrounding or closely-related statutes.' If this process of interpretation yields a plain meaning, the statute is unambiguous, and we apply its plain meaning." *See id.* (citations omitted).

¶22 Tetting and West Bend contend that the circuit court added requirements to the plain language of the statute, which simply states that those lawfully occupying a property do not owe a duty of care to a trespasser. They contend that, because Tetting was lawfully present as a patron or as an employee of the bar, he was, therefore, a lawful occupant at the time of the incident, thus owing a lesser duty of care to Stroede as a trespasser. We agree.

¶23 There is no dispute that Stroede was a trespasser at the time of the incident, therefore, the only issue is whether Tetting is entitled to immunity as a lawful occupant of Railroad. Using the plain, ordinary meaning of the term "occupant," we conclude that occupancy, in this context, is the equivalent of lawful presence. Dictionary definitions of the term "occupant" center on the occupant's

use of, or presence in, a particular place.[5]  Neither the dictionary definitions, nor the statute, define an occupant in terms of his or her ownership, control, or exclusion rights over a property.  The legislature is presumed to have chosen its words carefully.  *See **Mallo v. Wisconsin DOR***, 2002 WI 70, ¶26, 253 Wis. 2d 391, 645 N.W.2d 853.  The legislature chose a broad term—"other lawful occupant"—to signify that those who are lawfully present on real property cannot be held liable for violations of ordinary care to a trespasser.  Indeed, by separating the term "other lawful occupant" from the terms owner, lessee, and tenant, the legislature clearly created a category of "possessors of real property" who do not possess the type of control exerted by owners, lessees, and tenants.  We conclude that WIS. STAT. § 895.529 is unambiguous and that anyone who is lawfully present on the premises at the time of the incident was an "other lawful occupant."  Therefore, Tetting was entitled to the benefit of the trespasser defense whether he was a patron of the bar or an employee at the time of the incident.  Based upon our conclusion, the trial court need not address the issue of whether Tetting was a patron or an employee at the time of the incident—under either status Tetting is entitled to immunity pursuant to the statute.

---

[5] *See Occupant*, DICTIONARY.COM, https://www.dictionary.com/browse/occupant (last visited Jan. 6, 2020) (defining "occupant" as a "person … that lives in, occupies, or has quarters or space in or on something); *Occupant*, THE FREE DICTIONARY, https://www.thefreedictionary.com/occupant (last visited Jan. 6, 2020) (defining "occupant" as "[o]ne that resides in or uses a physical space); *Occupant*, MACMILLAN DICTIONARY, https://www.macmillandictionary.com/us/dictionary/american/occupant (last visited Jan. 6, 2020) (defining "occupant" as "someone who uses a room, building, area of land, seat, bed, or other place during a period of time); *Occupant*, CAMBRIDGE DICTIONARY, https://dictionary.cambridge.org/us/dictionary/english/occupant (last visited Jan. 6, 2020) (defining "occupant" as "[a]n occupant of a car, room, seat, or other space is a person who is in it); and *Occupant*, LEXICO, https://www.lexico.com/en/definition/occupant (last visited Jan. 6, 2020) (defining "occupant" as [a] person who resides or is present in a house, vehicle, seat, place, etc., at a given time).

**CONCLUSION**

¶24     For the foregoing reasons, we affirm the circuit court's grant of summary judgment to Railroad and Society Insurance, and we reverse the circuit court's denial of Tetting and West Bend's summary judgment motion. We remand with directions to grant Tetting and West Bend's motions for summary judgment.

*By the Court.*—Judgment affirmed and order reversed.