**COURT OF APPEALS
DECISION
DATED AND FILED**

**April 30, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2019AP272**

**STATE OF WISCONSIN**

Cir. Ct. No. 2018CV972

**IN COURT OF APPEALS
DISTRICT IV**

DOMINION VOTING SYSTEMS, INC.,

    PETITIONER,

ELECTIONS SYSTEMS & SOFTWARE, LLC,

    PETITIONER-APPELLANT,

  V.

WISCONSIN ELECTIONS COMMISSION,

    RESPONDENT-RESPONDENT,

JILL STEIN,

    OTHER PARTY-RESPONDENT.

        APPEAL from an order of the circuit court for Dane County: STEPHEN E. EHLKE, Judge. *Affirmed*.

Before Blanchard, Graham and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Election Systems & Software, LLC, appeals a circuit court order affirming a decision of the Wisconsin Elections Commission. Election Systems argues that the Commission erred by failing to require the Jill Stein Campaign to agree not to publicly disclose any opinion it forms based on its review of Election Systems' software components. For the reasons set forth in this opinion, we affirm.

¶2     In December 2016, the Campaign requested that the Commission grant access to the software components of Election Systems' electronic voting systems that were used in the November 2016 general election, pursuant to the Campaign's right to such review under WIS. STAT. § 5.905(4) (2017-18).[1]   On March 15, 2018, the Commission issued a decision that set forth the parameters of the Campaign's review of the software. Pursuant to the statute's confidentiality requirement, the Commission provided a confidentiality and nondisclosure agreement that the Campaign was required to sign before it would be allowed to review the software. Consistent with the statutory language, the agreement "obligates the Recipient to exercise the highest degree of reasonable care to maintain the confidentiality of all proprietary information to which the Recipient is granted access" and provides that "Recipient agrees to exercise the highest

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.  The Campaign also sought access to software components of Dominion Voting Systems' electronic voting systems.  Dominion is not a party to this appeal.

degree of reasonable care to maintain the confidentiality of all proprietary information to which access is provided and not disclose or reveal any proprietary information to any person …."

¶3    Election Systems sought review of the Commission's decision, arguing that the Commission erred by failing to adopt a broader confidentiality agreement.  It argued that the Commission should have included a provision to prevent the reviewing parties from disclosing anything derived from their review, including opinions, conclusions, or comments.  The circuit court upheld the Commission's decision. Election Systems appeals.

¶4    In an appeal of a circuit court order reviewing a decision made by an administrative agency, we review the agency's decision, not the circuit court's. *Newcap, Inc. v. DHS*, 2018 WI App 40, ¶13, 383 Wis. 2d 515, 916 N.W.2d 173. The issue in this appeal is whether the Commission properly interpreted and applied the confidentiality requirement under WIS. STAT. § 5.905(4).  An agency decision shall be set aside or modified if "the agency has erroneously interpreted a provision of law and a correct interpretation compels a particular action." Interpretation of a statute is a question of law that we review de novo.  *See Homeward Bound Servs., Inc. v. Office of Ins. Comm'r*, 2006 WI App 208, ¶27, 296 Wis. 2d 481, 724 N.W.2d 380.  This court does not accord any deference to an agency's interpretation of a statute.  *See Tetra Tech EC, Inc. v. DOR*, 2018 WI 75, ¶108, 382 Wis. 2d 496, 914 N.W.2d 21.

¶5    "The purpose of statutory interpretation is to discern the intent of the legislature.  When we interpret a statute, we begin with the statute's plain language, as we assume the legislature's intent is expressed in the words it used." *Mayo v. Boyd*, 2014 WI App 37, ¶8, 353 Wis. 2d 162, 844 N.W.2d 652 (quoted

3

source omitted). We give the language of the statute "its common, ordinary, and accepted meaning." *State v. Harmon*, 2006 WI App 214, ¶10, 296 Wis.2d 861, 723 N.W.2d 732. If our analysis of the statutory language "yields a plain meaning, there is no ambiguity and we apply that plain meaning." *Id.*

¶6      WISCONSIN STAT. § 5.905(4) provides that, if there is a valid petition for a recount following an election and specified criteria are met, a party to the recount "may designate one or more persons who are authorized to receive access to the software components that were used to record and tally the votes in the election." The statute defines "software component" to include "vote-counting source code, table structures, modules, program narratives and other human-readable computer instructions used to count votes with an electronic voting system." Sec. 5.905(1). It further provides that the Commission shall grant the requested access "if, before receiving access, the person enters into a written agreement with the commission that obligates the person to exercise the highest degree of reasonable care to maintain the confidentiality of all proprietary information to which the person is provided access." *Id.*

¶7      We begin our analysis by observing that many of Election Systems' arguments appear to be premised on an incorrect reading of the Commission's decision. Throughout its brief, Election Systems repeatedly asserts that the decision allows the Campaign to publicly disclose anything it learns in its review except "a verbatim copy of the source code." This is an inaccurate characterization. As noted above, the decision precludes the Campaign from disclosing "proprietary information," and nothing in the Commission's decision suggests that "proprietary information" is limited to verbatim copies of source code. Properly framed, the question in this case is whether Election Systems correctly interprets WIS. STAT. § 5.905(4) to also prohibit the Campaign from

publicly disclosing any opinions about Election Systems' software components that it forms as a result of its review.

¶8    Election Systems makes several arguments in support of its interpretation of WIS. STAT. § 5.905(4). First, it contends that § 5.905(4) creates a right of access not allowed under the common law, and that the Campaign's rights to access must be "narrowly and strictly" construed. *See* ***Van v. Town of Manitowoc Rapids***, 150 Wis. 2d 929, 934, 442 N.W.2d 557 (1989) (statutes creating new rights in derogation of the common law must be narrowly and strictly construed). It argues that, because the statute grants access to "software components" but then requires the highest degree of reasonable care to maintain the confidentiality of "all proprietary information," the statute must require confidentiality of something more than the software components themselves. *See* ***Pawlowski v. American Family Mut. Ins. Co.***, 2009 WI 105, ¶22, 322 Wis. 2d 21, 777 N.W.2d 67 ("When the legislature chooses to use two different words, we generally consider each separately and presume that different words have different meanings."). It argues that a narrow and strict construction of the statute requires an interpretation of the phrase "the highest degree of reasonable care to maintain the confidentiality of all proprietary information" to also prohibit the disclosure of any opinion a reviewing party reaches based on its review of the software components.

¶9    We disagree. Even assuming without deciding that the statute should be narrowly and strictly construed, we are not persuaded that the required confidentiality agreement must go so far as to prohibit a reviewing party from disclosing any opinion based on that review. No reasonable reading of the language of the statute supports that interpretation. The plain language of the statute requires the reviewing party to exercise the highest degree of reasonable

care to maintain the confidentiality of all "proprietary information," and as the Commission argues in its respondent's brief, the ordinary definition of "proprietary information" is "[i]nformation in which the owner has a protectable interest." *See Proprietary information*, BLACK'S LAW DICTIONARY (10th ed. 2014). There is no dispute that Election Systems has a protectable interest in its software components, but it does not follow that Election Systems has a protectable interest in opinions that other parties form after reviewing those components.

¶10 Election Systems also contends that the confidentiality and nondisclosure agreement proposed by the Commission merely parrots the language in WIS. STAT. § 5.905(4), and that additional language prohibiting disclosure of opinions is necessary to give effect to the purpose of the statute.[2] It contends that the purpose of the statute is limited to allowing a party to verify the

---

[2] Election Systems' opening brief asserts that pursuant to WIS. STAT. § 5.905(3), the Commission was required to promulgate rules to ensure the security, review, and verification of its software components, and that the Commission has failed to promulgate rules under subsec. (3) that apply to the Campaign's review of the software components under § 5.905(4). Election Systems contends that the confidentiality agreement should have done more than simply track the language of subsec. (4), since the legislature envisioned that the Campaign's review would be subject to additional rules promulgated under subsec. (3). In response, the Commission argues that subsec. (3) does not require the Commission to promulgate rules governing the Campaign's review of software components under § 5.905(4); instead, on its face, subsec. (3) requires the Commission to promulgate rules regarding electronic voting software that the Commission itself approves. *See* § 5.905(3) ("The commission shall promulgate rules to ensure the security, review and verification of software components used with each electronic voting system approved by the commission. The verification procedure shall include a determination that the software components correspond to the instructions actually used by the system to count votes."). According to the Commission, it did promulgate rules under subsec. (3), and those rules have no bearing on the Campaign's review of the software components. Election Systems does not address the Commission's response in its reply brief. *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (an appellant's failure to respond in reply brief to an argument made in response brief may be taken as a concession).

accuracy of the votes counted in the election, and that its proposed language is necessary to limit the Campaign's review to that intended purpose.

¶11 Again, we disagree. Election Systems is asking this court to read additional language into the statute to require a blanket prohibition on disclosing post-review opinions in addition to prohibiting disclosure of the proprietary information itself. As explained above, the plain language of WIS. STAT. § 5.905(4) does not support this interpretation, and we are not persuaded that the Commission was required to include additional language in the confidentiality agreement not found in a plain language interpretation of § 5.905(4).

¶12 Finally, Election Systems argues that Wisconsin's trade secret statute, WIS. STAT. § 134.90(2), supports its interpretation of WIS. STAT. § 5.905. It contends that the Campaign is prohibited from "using" its trade secrets without its consent under WIS. STAT. § 134.90(2), and that any use of what the Campaign learns during its review to make public statements of opinion would constitute an unauthorized use of Election Systems' trade secrets. It argues that its trade secrets will be devalued if the Campaign is allowed to publicly comment on the opinions it derives from its review. It also argues that the civil discovery rules would prevent the Campaign from disclosing any opinions it forms through access to the software in a civil proceeding, and that the Campaign should likewise be prohibited from disclosing such opinions here.

¶13 The Commission and the Campaign argue that trade secret laws have no bearing on the interpretation of WIS. STAT. § 5.905, but we need not resolve this dispute to resolve this appeal. As the Commission points out, Election Systems has not identified any language in WIS. STAT. § 134.90(2) that specifically provides that a disclosure of opinions formed after reviewing

7

protected information is an unauthorized use of that information. And Election Systems does not cite to a single case that supports its interpretation of § 134.90(2). Nor are we persuaded that the possibility of devaluation of Election Systems' software or the protections found in the civil discovery rules dictate a different outcome here. Accordingly, Election Systems fails to persuade us that the confidentiality agreement imposed under § 5.905 must include a blanket prohibition on the disclosure of opinions as a means of protecting Election Systems' trade secrets.[3]

¶14    In sum, we conclude that, under the plain language of WIS. STAT. § 5.905(4), the Commission must require the Campaign to agree to exercise the highest degree of reasonable care to maintain the confidentiality of all proprietary information. The statute does not require that the Commission include language in the confidentiality agreement prohibiting disclosure of any post-review opinions. We affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] Nothing in this opinion should be interpreted as preventing Election Systems from pursuing any legal claims it may have against the Campaign at some future date if the Campaign's public statements violate any law, including laws governing trade secrets.