## In re Application of the City of Racine for Leave to Institute an Original Action.

*May 8—October 9, 1928.*

*Martin R. Paulsen,* attorney for the city of Racine.

The *Attorney General* and *T. L. McIntosh,* assistant attorney general, for the State and the officers thereof.

The following opinion was filed June 18, 1928:

ROSENBERRY, J. The argument on behalf of the city is that a city is a municipal corporation having two natures, being at one and the same time a subordinate governmental agency of the state and an independent proprietary entity dealing with matters for the benefit of its own citizens; that as a proprietor it buys and uses gasoline and so is entitled to challenge the constitutionality of the law pursuant to which the tax is levied. This argument confuses nature with function. Cities are not of a dual nature. They are creatures of the state. When created they have two kinds of functions. There are imposed upon them certain duties or functions in the interest of the general welfare and they are also given certain powers in respect to local government and local affairs. They are at all times in their nature one and the same thing. The dual functions of municipal corporations have been seized upon to avoid what appears to be the injustice of the old rule growing out of the theory that the king could do no wrong, which exempted municipal corporations from liability for their torts. *Young v. Juneau County,* 192 Wis. 646, 212 N. W. 295. Here a city, the creature of the state, seeks to enjoin the exercise by state agencies of powers conferred upon these agencies by the laws of the state. The argument is made that these state officials and agencies are not acting within but without the law. That is a matter which in no way concerns the city as such. It is no part of the business of a city to censor and supervise the activities of its creator, the state. The mere fact that it may in the discharge of some of its activities be a purchaser of

gasoline and thereby be compelled to pay a tax prescribed by the state, does not affect the question because the burden if any is passed on to the citizens who furnish the revenues of the city. So that it is considered in this case that the city of Racine is not authorized to maintain this proceeding.

It is a notable fact that in this case and two other recent cases,[1] cities have assumed to act in hostility to the state or some of its agencies. This feeling of self-consciousness on the part of cities, their awareness of a separate existence, is a curious development. Counsel frankly state that in all their research they have been able to find no similar case. Under our system of law cities can never approach the status of the ancient Greek city state, or for that matter that of other cities which grew up under widely different economic and political conditions. Under our system of law, cities are the creatures of and dependent upon the state. The original concept of a city has been modified to some extent by the so-called home-rule law, but the home-rule law cannot operate until cities have in some way been brought into existence—a power vested by the constitution in the state.

It is also worthy of remark that in this case it is apparent that the city of Racine is not the real party in interest. While it pays some gasoline tax, it derives in revenue 'under the same act which levies the tax a sum many times the amount paid out by it on account of the tax. Should the petitioner be successful in this suit, the treasury of the city of Racine would be the loser and not the gainer. It is quite apparent that the action must be brought for the purpose of vindicating some other right or claim. If the city is acting for the benefit of its citizen taxpayers it clearly has no authority to do so, and it is equally clear that it is not the real party in interest within the meaning of the statute, sec. 260.13.

---

[1] *State ex rel. City of Sheboygan v. County Board of Sheboygan County,* 194 Wis. 456, 216 N. W. 144; *City of Appleton v. Outagamie County,* 197 Wis. 4, 220 N. W. 393.

*By the Court.*—The application for leave to bring suit is denied.

### On rehearing.

The following opinion was filed October 9, 1928:

*By the Court.*—We are met on the motion for rehearing in this matter with a scholarly and lawyerlike argument to the effect that it is the duty of this court to exercise its extraordinary jurisdiction and issue prerogative writs when necessary to preserve the liberties of the people and to secure the rights of its citizens. The opinion filed is also justly criticised because it does not respond to the arguments on this proposition presented by counsel in the first instance.

Admitting all that is said in support of the propositions urged, it is considered that this is not a case which warrants the exercise of the extraordinary jurisdiction conferred upon this court by the constitution. It is not contended that the legislature has not the power to levy a sales tax. It is argued that the particular manner in which this tax is levied is an infringement upon the rights of the citizens of this state. If that argument be sound, then it would be the duty of this court to issue the prerogative writs with which it is armed, in every case where it was claimed that an act of the legislature was unconstitutional because state officers, acting pursuant to an unconstitutional law, act without authority.

We shall not attempt in this opinion to set limits or prescribe the conditions under which these rights will be exercised. Suffice it to say that the facts set out in the petition here do not present such a case.

Motion denied, without costs.