STATE EX REL. CARLSON, School District Treasurer, Respondent, vs. KINGSTON, Town Treasurer, and others, Appellants.

*December 8, 1932—January 10, 1933.*

For the appellants there was a brief by *Miller, Kuchenberg & Krueger* of Marinette, and oral argument by *C. F. Kuchenberg.*

*John B. Chase* of Oconto, for the respondent.

ROSENBERRY, C. J. The plaintiff is treasurer of School District Number 8 of the Town of Porterfield, Marinette county. The Wisconsin Public Service Corporation owns and operates a power plant in the town of Porterfield, Marinette county, and ninety-four per cent. of said properties are located within the confines of School District Number 8. In the year 1928 the town of Porterfield received the sum of $3,566.35 from the state treasurer on account of assessment made on property of the Wisconsin Public Service Corporation in said town. The defendants, who are the officers of the town of Porterfield, refused to apportion any part of said sum to the plaintiff district for the reason that the said district already had on hand a sum which far exceeded the cost of operation and maintenance of the plaintiff district for the school year of 1927–1928.

It is the contention of the defendants that the district being required by sec. 20.245, Stats., relating to state aid, to raise a sum of money which with other available funds is sufficient to meet the cost of operating and maintaining the school in that district, it was not entitled to any part of the sum received by the town on account of the assessment against the Wisconsin Public Service Corporation. The plaintiff claims that under the provisions of sec. 76.28 (3) it is entitled to its proportionate share of the fund irrespective of what other funds may be available for the cost of operating and maintaining its school. Sec. 76.28 (3) provides:

"In all counties having a population of fifty thousand or less, fifty per cent. of the amount of taxes received by any town or village from the state treasurer on account of the assessment of any street railway, light, heat, power or conservation company shall be retained by the treasurer thereof for general town or village purposes, and the remaining fifty per cent. shall be equitably apportioned by the town board or village trustees to the various school districts or parts of school districts in which the property of such company is

located, in proportion to the amount which the property of such company within each such school district bears to the total valuation of the property of such company in the town or village or part thereof; provided, that no such school district shall in any event receive more than the actual cost of operating and maintaining its school."

The defendants' theory is that under the provisions of this section the town board has a discretion with respect to the equitable apportionment of the fund to the various school districts, and that School District Number 8, having available other funds sufficient to operate and maintain its schools, is entitled to no part thereof. It is to be noted that the fund is to be apportioned on the basis of the amount which the property of such company within each such school district bears to the total valuation of the property of the company in the town. The statute quite clearly defines what is meant by an equitable apportionment. It is a *pro rata* apportionment on the basis specified. The limitation contained in the proviso is a limitation upon the amount which shall be paid out of that fund to the school district. The proviso does not authorize the town board to ascertain what other resources the school district has and then in its discretion determine whether or not it is entitled to a part or all of the fund, but requires the town board to award to each school district its proportionate share, not exceeding the amount of the cost of operating and maintaining the school. This is the interpretation placed upon the statute by the trial court and with it we fully agree. The town of Porterfield is entitled to no part of the "remaining fifty per cent." If the proviso applies in the case of any school district, the excess does not belong to the town but is to be apportioned among the remaining school districts on the basis indicated in the section.

An accounting was had. The amount due the district is not in dispute. The fact that this interpretation produces a

rather absurd result as applied to this particular district cannot operate to change a law which is applicable to all districts within which the property of a public utility is situated. If the statute works inequitably, the remedy lies with the legislature and not with the courts.

*By the Court.*—Judgment affirmed.