City of Marshfield and others, Plaintiffs and Respondents, v. Town of Cameron and others, Defendants and Appellants: Ziegahn and others, Intervenors and Appellants.

*April 3—April 28, 1964.*

58

For the appellants there was a brief by *Chambers, Nash & Pierce* of Wisconsin Rapids, and oral argument by *Lloyd L. Chambers.*

For the respondents there was a brief and oral argument by *John H. Stauber* of Marshfield.

GORDON, J.    Pursuant to the stipulated case, the plaintiffs sought an order requiring the defendants to pay a portion of the latters' receipts from the 1961 utility taxes. The defendants, on the other hand, sought a determination that sec. 76.28, Stats., is unconstitutional. The trial court rejected the defendants' contention and entered judgment in favor of the plaintiffs.

In support of their contention that sec. 76.28, Stats., is unconstitutional, the appellants make two principal arguments. First, they contend that sub. (3) of the statute is void for indefiniteness and uncertainty. Secondly, it is urged that sec. 76.28 is arbitrary and capricious in its classifications and thereby contravenes both the due-process and the equal-protection provisions of the Fourteenth amendment to the United States constitution.

### I. *Indefiniteness and Uncertainty of the Statute.*

Our reading of sec. 76.28 (3), Stats., brings to mind the dour observation that "law is common sense as modified by the legislature." The appellants refer to sec. 76.28 (3) as "a monstrosity" which is laden with "mumbo jumbo." It is undeniable that the meaning of the statute is elusive and that it is not easily comprehensible. Nevertheless, it is the burden

of the judiciary, in examining legislative enactments, to uphold such pronouncements if any reasonably intelligible analysis can result. It is not the court's function to determine the wisdom of legislative enactments. *Appleton v. Outagamie County* (1928), 197 Wis. 4, 220 N. W. 393.

In *State ex rel. Carlson v. Kingston* (1933), 210 Wis. 301, 304, 246 N. W. 426, the court noted with reference to sec. 76.28, Stats. (prior to the 1939 and 1947 amendments) : "If the statute works inequitably, the remedy lies with the legislature and not with the courts."

Careful and patient reading of the 1939 amendment (ch. 516, Laws of 1939) results in our conclusion that the legislature directed that whenever a joint school district extends into one or more counties with 50,000 population or less and also into a county with more than 50,000 population, in such case *every* municipality (including cities in such districts) must apportion.

The 1947 amendment (ch. 237, Laws of 1947) reflects a legislative determination that whenever a joint school district lies wholly within counties with 50,000 population or less and such joint school district also contains a city, the latter fact will excuse all municipalities in such district from sharing for the reason that a city is not required "by law" to share.

While the legislative intent behind the various distinctions made in the statute is not crystal clear, we cannot subscribe to the appellants' argument that the statute is so confounding as to be constitutionally offensive.

## II. *Arbitrary and Capricious Classifications.*

The statute in question, sec. 76.28, Stats., apportions utility tax receipts in a different manner for counties having various size populations. Sub. (3) distinguishes between counties having more or less population than 50,000. This court has often upheld classification by population. In *State v. Evans* (1907), 130 Wis. 381, 385, 110 N. W. 241, we said :

"That there are distinctions between large and dense communities and small and sparser ones as separate classes is, of course, obvious. That such differences are germane and relevant to some purposes of legislation has been declared, almost without limit, by courts."

A comparable conclusion has been expressed in other Wisconsin cases. *Estate of Ebeling* (1919), 169 Wis. 432, 437, 172 N. W. 734; *Rinder v. Madison* (1916), 163 Wis. 525, 532, 158 N. W. 302.

A broad constitutional attack against sec. 76.28, Stats., was made in the case of *State ex rel. Joint School Dist. v. Becker* (1928), 194 Wis. 464, 215 N. W. 902. There, at page 469, the court concluded that there was no violation of due process since the apportionment of taxes was within the province of the legislature. See *State ex rel. Superior v. Donald* (1916), 163 Wis. 626, 158 N. W. 317.

Municipal corporations, being creatures of the state, are not permitted to censor or supervise the activities of their creator. Accordingly, a municipality may not challenge the action of the legislature in enacting sec. 76.28, Stats. *State v. Mutter* (1964), 23 Wis. (2d) 407, 127 N. W. (2d) 15; *In re Application of Racine* (1928), 196 Wis. 604, 220 N. W. 398. Although towns are denominated "quasi-municipal corporations," they are likewise "political subdivisions and governmental agencies of the state." *Milwaukee v. Sewerage Comm.* (1954), 268 Wis. 342, 349, 67 N. W. (2d) 624.

It is also well established that municipalities may not invoke privileges and immunities under the federal constitution in opposition to the will of the state. Thus, a municipality cannot complain of a denial of the equal protection of the laws or of a violation of due process within the meaning of the Fourteenth amendment when the issue pertains to the effect of a state statute upon such municipality. *Williams v. Baltimore* (1933), 289 U. S. 36, 53 Sup. Ct. 431, 77 L. Ed. 1015; *Trenton v. New Jersey* (1923), 262 U. S. 182, 43 Sup. Ct. 534, 67 L. Ed. 937.

However, in the instant case we have the presence of individual intervenors who are "property owners, electors, citizens, and taxpayers," and they do not suffer from the same limitations as the defendant towns. Accordingly, the question of constitutionality has been properly raised.

We conclude that sec. 76.28, Stats., as amended, does not violate either the federal or the state constitutions and is not arbitrary or capricious in its classifications.

*By the Court.*—Judgment affirmed.