**CITY OF JEFFERSON, Appellant,**

v.

**RAILROAD COMMISSION of Texas, Appellee.**

**No. 11749.**

Court of Civil Appeals of Texas, Austin.

· April 29, 1970.

Rehearing Denied May 20, 1970.

Cornelius & Cornelius, Bill J. Cornelius, Jefferson, for appellant.

Crawford C. Martin, Atty. Gen., Nola White, 1st Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., James H. Cowden, Thomas F. Sedberry, Asst. Attys. Gen., Clark, Thomas, Harris, Denius & Winters, Tom Curtis, Mary Joe Carroll, Austin, for appellee.

PHILLIPS, Chief Justice.

The Texas & Pacific Railway Company obtained an order from the Texas Railroad Commission allowing it to discontinue its agency in Jefferson. The agency handles only rail carload shipments. The less than carload shipments are handled by a contract truck operator located in Jefferson. Less than carload shipments never travel by rail and the Commission's order has no effect on existing less than carload lot traffic.

Suit was filed by the City of Jefferson to set aside the order and the Texas and Pacific Railway Company intervened on the side of the Railroad Commission.

After suit was filed by the City, the Railroad Commission and the Railroad filed a motion asking for a partial summary judgment to the effect that the order of the Railroad Commission was not in contravention of Tex.Rev.Civ.Stat.Ann. art. 10, Section 9 of the Constitution, Vernon's Ann.St.

After a hearing, the trial court granted the partial summary judgment and the case was set for trial on its merits. Before trial, the Commission and the Railroad Company moved to dismiss the case on the

ground that the City of Jefferson had no standing to maintain the suit.

On hearing and evidence, the trial court sustained the motion and dismissed the case. Consequently, the City has perfected its appeal to this Court.

We affirm this judgment.

Appellant City is before us on two points of error, the first being that of the trial court in dismissing the suit.

We overrule this point.

The Railroad Commission and the Railroad filed a joint motion to dismiss on the ground that the City had no standing to attack the order in that it was neither a receiver nor shipper of carload freight, that the City had no vested right in the maintenance of a depot for such shipments, that the City could not qualify as an "other party at interest," under Tex.Rev.Civ.Stat. Ann. art. 6453, and that the City could not, in this instance sue as a representative of the public interest.

This motion was granted and, in our opinion, correctly so.

An appeal from a Railroad Commission order is a strictly statutory proceeding. The first sentence of Tex.Rev.Civ.Stat. Ann. art. 6453, provides the following authorization:

"If any railroad company or other party at interest be dissatisfied with the decision of any rate, classification, rule, charge, order, act or regulation adopted by the Commission, such dissatisfied company or party may file a petition setting forth the particular cause or causes of objection to such decision, act, rate, rule, charge, classification, or order, or to either or all of them, in a court of competent jurisdiction in Travis County, Texas, against said Commission as defendant."

The cases construing "other party" "other party at interest," with respect to appeals to the Commission, have dealt with shippers or haulers where the Commission sets rates directly affecting them. Oil Field Haulers Association v. Railroad Commission, 381 S.W.2d 183 (Tex.1964). In a subsequent appeal of the same case this Court indicated that it considered a shipper affected by a rate order to be an "other party at interest."

As was stated above, since less than carload lots are handled exclusively by trucks, and since this is the only type of shipments utilized by the City, it could not have been affected by the order here which is limited to the handling of carload shipments only.

The two *Oil Field Hauler* cases discussed above are the only ones involving party at interest as used in Article 6453; however, the term has never been construed[1] as including a member of the public at large or any municipality in the position that the City of Jefferson finds itself here. A recent case by this Court consistent with our holding here is Groendyke Transport, Inc. v. Railroad Commission, 426 S.W.2d 645, (Tex.Civ.App., Austin, 1968, er. ref'd, n.r.e.), where we held that all carriers and all competing applicants for authority to perform services as carriers are not necessarily parties at interest.

Assuming, for purposes of argument, that the City had the authority to institute suit against the Commission to set aside the order here in question, the City would have been unable to sustain the burden of proof imposed by statute upon one attacking an order of the Commission such as the one before us.

1. Texas Motor Coaches v. Railroad Commission, 41 S.W.2d 1074 (Tex.Civ.App., Austin, 1931, no writ); Rabbit Creek Oil Company v. Shell Petroleum Corporation, 66 S.W.2d 737 (Tex.Civ.App., Austin, 1933, appeal dism'd); Humble Oil and Refining Company v. Railroad Commission, 68 S.W.2d 622 (Tex.Civ.App., Austin, 1934), Affirmed, Brown v. Humble Oil & Refining Co., 126 Tex. 296, 83 S.W.2d 935.

**908**

As has been noted above, appeals are authorized by Tex.Rev.Civ.Stat.Ann. art. 6453. The statute immediately following, Tex.Rev.Civ.Stat.Ann. art. 6454 specifies that:

"The burden of proof shall rest upon the plaintiff to show the rates, regulations, orders, classifications, acts or charges complained of *are unreasonable and unjust to it or them.*" (Emphasis added.)

■ The only plaintiff in the suit before the trial court was the City. Admittedly it did not engage in carload shipments. The order in question affects only carload shipments. Consequently, the City could not show that the order in question was "unreasonable and unjust to it." See Texas & New Orleans Railroad Company v. Railroad Commission, 155 Tex. 323, 286 S.W.2d 112 (1956).

■ Inasmuch as the City has no direct interest in the order in question and, consequently, no standing, it also lacks standing to act in the public interest. This power was delegated to the Railroad Commission (Tex.Const. art. X, § 2). A City is the creature of the State, consequently it cannot usurp powers otherwise delegated to the State.[2] It is the duty of the Railroad Commission to act for the public in such instances. While we have no Texas cases directly in point, this proposition is well stated in cases from other jurisdictions. City of Sheboygan v. County Board of Supervisors, 216 N.W. 144 (Wis.Sup. 1927); City of Racine v. Levitan, 196 Wis. 604, 220 N.W. 398 (1928); City of Wheaton v. Chicago, A. & E. Ry. Co., 3 Ill.App.2d 29, 120 N.E.2d 370 (1954).

Appellant's second point is that of the trial court in granting partial summary judgment to the effect that the order of the Railroad Commission was not in viola-

tion of Article 10, Section 9 of the Texas Constitution.

■ We overrule this point and stand on the recent opinion of this Court in Railroad Commission v. St. Louis Southwestern Ry. Co., 443 S.W.2d 71 (Tex.Civ.App., Austin, 1969, writ ref'd, n.r.e.) to the effect that discontinuance of railroad facilities is within the province of the Railroad Commission's constitutional mandate.

The judgment of the trial court is affirmed.

Affirmed.

---

2. See the following cases where the city attempted to enact ordinances that conflicted with State regulation. Berry v. City of Fort Worth, 132 Tex. 599, 124 S.W.2d 842 (1939); Prescott v. City of Borger, 158 S.W.2d 578 (Tex.Civ.App., Amarillo, 1942, writ ref'd); City of Corpus Christi v. Texas Driverless Co., 144 Tex. 288, 190 S.W.2d 484 (1945).