

# THE ATTORNEY GENERAL
## OF TEXAS

May 5, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Ashley Smith                  Opinion No. JM-896
Chairman
Government Organization                 Re:  Whether  the  city  of
    Committee                           Denison may  withdraw from
Texas House of Representatives          the Greater Texoma Utility
P. O. Box 2910                          Authority  (RQ-1224)
Austin, Texas    78769

Dear Representative Smith:

     You ask three questions concerning the  withdrawal of
a city from a special district:

          1.  May the city of Denison withdraw  from
     the Greater Texoma Utility Authority?

          2.  If so, what procedure is required  for
     the city of Denison to accomplish withdrawal?

          3.  If withdrawal is not available to  the
     city  of  Denison,  does  the  unavailability
     affect the constitutionality of the authority
     as created?

We understand you  to ask whether  the city, by  virtue of
its status as  a municipal corporation,  has the power  to
withdraw from the authority.  We conclude that it does not
and that this  fact does  not render unconstitutional  the
existence of the authority or the act creating it.

     The Greater Texoma  Utility Authority was  authorized
by the legislature in 1979 under the  name "Greater Texoma
Municipal Utility District."    Acts 1979,   66th Leg.,  ch.
97, at  177.  It  was renamed  in 1983.   Acts 1983,  68th
Leg., ch. 398, at  2160.  The authority is  a conservation
and reclamation district created pursuant to  article XVI,
section 59, of the Texas Constitution.   Districts created
pursuant to this provision are declared to be

     governmental agencies and bodies politic and
     corporate with such powers of government and

with the authority to exercise such rights, privileges and functions concerning the subject matter of this amendment as may be conferred by law.

Tex. Const. art. XVI, §59(b). A conservation and reclamation district created by special act of the legislature pursuant to this provision is a distinct corporate and political entity, separate from other such entities with which it may share territory. See City of Pelly v. Harris County Water Control and Improvement District No. 7, 198 S.W.2d 450 (Tex. 1946); Harris County Flood Control District v. Mann, 140 S.W.2d 1098 (Tex. 1940). It stands upon the same footing as counties and other political subdivisions and exercises the state's and its own police power in performing its governmental functions. Banker v. Jefferson County Water Control and Improvement District No. 1, 277 S.W.2d 130 (Tex. Civ. App. - Beaumont 1955, writ ref'd n.r.e.).

As a creature of the state, a city cannot usurp powers otherwise conferred upon the legislature. City of Jefferson v. Railroad Commission, 453 S.W.2d 906 (Tex. Civ. App. - Austin 1970, writ ref'd n.r.e.). In State ex rel. Pan American Production Co. v. Texas City, 303 S.W.2d 780, 782-783 (Tex. 1957), dism'd, 355 U.S. 603 (1958), the Supreme Court noted that the territorial composition of municipal corporations is essentially a political question to be determined by the legislature, quoting Norris v. City of Waco, 57 Tex. 635 (Tex. 1882). This rule is especially relevant to the territorial composition of political subdivisions such as conservation and reclamation districts. See Tex. Const. art. XVI, §59(b). To that end, the legislature provided for the initial composition of the authority and for the annexation of additional territory. Acts 1979, 66th Leg., ch. 97, §2(a) and (b) at 177. The legislature has also prescribed procedures for the exclusion of land or other property from the authority. Id. §4(a), at 180. Those procedures, where applicable, are contained in sections 54.701 through 54.710 of the Water Code and grant the board of directors of the authority the power to exclude land from its boundaries. There is no provision authorizing a city to unilaterally withdraw from the district, and we have been directed to no statute authorizing the same. Compare V.T.C.S. art. 2351a-6, §14b (authorizing governing bodies of certain cities to exclude the cities from rural fire prevention districts with no bonded indebtedness if the cities agree to provide fire protection services to the

excluded areas); Attorney General Opinion Nos. JM-605, JM-453 (1986). Accordingly, your first question is answered in the negative. We need not answer your second question, since it is predicated on an affirmative answer to your first question.

Regarding your third question, we note that the courts have consistently held that municipalities may not claim protection under the federal constitution from the state. In <u>Hunter v. City of Pittsburgh</u>, 207 U.S. 161, 178-179 (1907), the Supreme Court declared:

> Municipal corporations are political subdivisions of the State, created as convenient agencies for exercising such of the governmental powers of the State as may be intrusted to them. . . . The State, therefore, at its pleasure may . . . expand or contract the territorial area, unite the whole or a part of it with another municipality, repeal the charter and destroy the corporation. . . . In all these respects the state is supreme, and its legislative body, conforming its action to the state Constitution, may do as it will, unrestrained by any provision of the Constitution of the United States. . . . The power is in the State, and those who legislate for the State are alone responsible for any unjust or oppressive exercise of it.

<u>See also</u> <u>Williams v. Baltimore</u>, 289 U.S. 36 (1933); <u>Trenton v. New Jersey</u>, 262 U.S. 182 (1923); <u>Newark v. New Jersey</u>, 262 U.S. 192 (1923).

Texas courts have held that municipalities have no inherent right of local self-government that is beyond the control of the state. <u>State ex rel. Burnet County v. Burnet County Hospital Authority</u>, 495 S.W.2d 300, 304 (Tex. Civ. App. - Austin 1973, writ ref'd n.r.e.). As to cities exercising powers pursuant to article XI, section 5, of the Texas Constitution (the home rule amendment), we note that such powers are limited by their charters or by the constitution or general laws. <u>Lower Colorado River Authority v. City of San Marcos</u>, 523 S.W.2d 641 (Tex. 1975). As we have already noted, article XVI, section 59, of the constitution authorizes the legislature to pass laws creating and implementing conservation and

reclamation districts. The legislature has prescribed the methods whereby land may be excluded from the Greater Texoma Utility Authority. Acts 1979, 66th Leg., ch. 97, §4(a), at 180. Consequently, we cannot say that the failure to provide cities the power to unilaterally withdraw from the authority renders unconstitutional its creation and continued operation.

## S U M M A R Y

The city of Denison, Texas, may not unilaterally withdraw from the Greater Texoma Utility Authority. The failure of the legislature to provide for such withdrawal does not render unconstitutional the creation or continued operation of the authority.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Steve Aragon
Assistant Attorney General